**STANDARD STATE BANK, a Corporation, Appellant,**

v.

**BOB ELDRIDGE CONSTRUCTION CO., Inc., et al., Respondents.**

**No. 25485.**

Kansas City Court of Appeals, Missouri.

Sept. 27, 1971.

Leland W. Negaard, Betsy Ann Stewart, Jack C. Terry, Independence, for appellant.

Robert A. Babcock, Kansas City, Margolin & Kirwan, Kansas City, of counsel, for respondents.

FLOYD L. SPERRY, Special Commissioner.

Appellant says this is an action on a note and loan guaranty agreement and assignment of accounts, and for monies had and received. The defendants, other than Eldridge, were Mildred Kidwell and Independence Housing Authority.

Plaintiff sought to recover the sum of $15,000.00. Trial to the court without a jury resulted in a judgment for defendant, Eldridge Construction Company, and against plaintiff, that Eldridge receive from the clerk of the court the sum of $15,000.00 paid in by Independence Housing Authority, and that costs be assessed against plaintiff.

Independence Housing Authority, hereafter referred to as Authority, was engaged in the construction, maintenance and

operation of low cost housing. It entered into a contract with Eldridge for construction work to be done by Eldridge. Eldridge subcontracted with R. L. Kidwell and Sons Construction Company, hereafter referred to as Kidwell, to perform and do certain of said construction work, to-wit: excavation and filling. Kidwell executed a note, payable to plaintiff, in the sum of $15,000.00, and assigned to plaintiff a portion of the monies which were to become due to it from Eldridge. Mildred Kidwell executed an instrument whereby she guaranteed payment of this note. Kidwell defaulted in its performance of its contract with Eldridge, before completion of the work, and defaulted on the note. Plaintiff sued Authority and Mildred Kidwell. Authority paid $15,000.00 into court and brought Eldridge into court. Authority pleaded that it owed the money but that same was claimed by both plaintiff and Eldridge. It prayed that the court declare to whom the money should be paid and that Authority be allowed a reasonable sum for attorney fees.

Eldridge pleaded that Authority owed it the sum of $114,493.24 for work performed under the contract between Eldridge and Authority; alleged that Authority has admitted owing it $38,309.16; and that these questions are being processed in an "administrative proceeding". Eldridge denied that plaintiff stated a cause of action against Authority and prayed that the $15,000.00 fund be ordered paid to Eldridge.

On October 14, 1965, Kidwell executed, in writing, Exhibit 2, whereby it acknowledged its indebtedness to plaintiff in the amount of $15,000.00. In this exhibit it appears that Kidwell purported to assign to plaintiff accounts receivable, as thereinafter mentioned. The writing, which appears as a part of Exhibit 2, supra, recites that Eldridge consents to this assignment of accounts by its subcontractor, R. L. Kidwell and Sons Construction Company, and agrees that such monies as may be due from it to the said subcontractor, up to the sum of $15,000.00 "monies earned from work per drawing SA–2 on Hocker Heights Housing Project No. 17–1" shall be paid by it directly to the assignee for the credit of the assignor.

The evidence establishes that, after the contract between Eldridge and Authority was executed, and after Eldridge had subcontracted the excavation and filling work thereon to Kidwell, it was found that rock underlying the site of construction was much closer to the surface than had been believed when the contracts were entered into. This necessitated a revision of prices for excavation because the cost for excavating rock is far greater than it is for dirt. Consequently, Authority issued an amendment to the original contract whereby new cost figures covering the situation were agreed on. This schedule is referred to as "Drawing SA–2 on Hocker Heights Housing Project 17–1."

The evidence was lengthy and the facts were involved, conflicting and confusing. The exhibits include numerous records which, in the aggregate (not including the transcript) weigh five pounds. Evidence was heard for two days. After the matter had been under consideration for some time the court made the following findings of fact:

## "FINDINGS OF FACT

1. That R. L. Kidwell & Sons Construction Co. entered into a contract with Bob Eldridge Construction Co., Inc. on January 18, 1965.

2. That said contract provided for payments of $45,000.00 to R. L. Kidwell & Sons Construction Co. upon completion of certain excavation, filling and grading work on the Hocker Heights Housing Project, and was subject to change on the basis of changes in estimated quantities.

3. That R. L. Kidwell & Sons Construction Co. performed under said contract until a few days prior to November

13, 1965, at which time it abandoned said contract without just cause and never returned although Bob Eldridge Construction Co., Inc. demanded that it return and complete the contract work.

4. That prior to November 13, 1965, R. L. Kidwell & Sons Construction Co. had been paid a total of $45,746.55, and that no sums were paid to it after October 6, 1965.

5. That by virtue of abandoning its contract R. L. Kidwell & Sons Construction Co. damaged Bob Eldridge Construction Co., Inc. in excess of $30,000.-00.

6. That Bob Eldridge Construction Co., Inc. is not indebted in any amount to either R. L. Kidwell & Sons Construction Co. or to plaintiff Standard State Bank.

7. That defendant Bob Eldridge Construction Co., Inc., is entitled to the sum of $15,000.00 previously interpleaded into this Court by the Housing Authority of the City of Independence, Missouri."

The evidence indicates that the "assignment" here involved is dated October 14, 1965. The assignment consented to by Eldridge was to apply to: "Monies earned from work (by Kidwell) per drawing SA-2, Hocker Heights Housing Project No. 17-1." The positive testimony of Karl Eldridge, vice president of Eldridge, was to the effect that Kidwell left this job prior to November 13, 1965, and that Kidwell had not done any work under drawing SA-2 at that time, nor did it ever, at any time, do any work under drawing SA-2.

There is substantial evidence, consisting of records and oral testimony, which supports the findings of the court in this case. We hold that such findings are fully supported by the evidence, and that the judgment is not contrary to the weight of the evidence.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by FLOYD L. SPERRY, Special Commissioner, is hereby adopted as the opinion of the Court.